# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

                Plaintiff,

v.

CHARLES WINSEL, ANTONIO CHAVES, JOEL VOGT, JAMIE ERVIN, ROBERT MASTRONARDI, VELA CHASE, C.O. YOSIF, JASON YOHN, LT. MAGICAL, BRADLEY FRIEND, and JOHN DOES,

                Defendants.

Case No. 19-CV-319-JPS

**ORDER**

    Plaintiff Raymond J. Bergeron Davila proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #5). Due to Plaintiff's indigence, the Court waived payment of an initial partial filing fee ("IPFF") in his case. (Docket #7).[1] The Court proceeds to screen the complaint.

    The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

---

[1] Plaintiff seems to believe that the Court has not waived payment of the IPFF, because filed a second motion for leave to proceed *in forma pauperis*, claiming that he has no money to pay any fees at this time. (Docket #8). Because the IPFF was waived, the motion is unnecessary and will be denied as moot.

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Defendants are employees of the Racine County Jail (the "Jail"). Plaintiff has been regularly housed at the Jail in connection with various state criminal cases pending against him. Plaintiff alleges that on October 22, 2018, he cut the inside of his mouth with a razor blade he obtained from another inmate. (Docket #1). As an inmate with a history of self-harming conduct, Plaintiff was housed in a unit specifically intended for suicidal inmates. *Id.* He states that he should not have been allowed to come into contact with non-suicide-status inmates, which would have prevented him

from obtaining the blade. *Id.* Plaintiff then used the blade to cut himself in the presence of each Defendant. *Id.* None of them did anything to stop Plaintiff's self-harming activity until he was taken to the hospital some hours later. *Id.* Plaintiff insists that his conduct was founded on genuine suicidal ideations, although he refused medical treatment for his injuries at the hospital. *Id.*

Plaintiff may proceed against Defendants for their deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.[2] Claims for deliberate indifference to an inmate's suicide risk are legion in federal courts, and so extensive case law has developed to interpret them. The basic formulation of the claim involves an objective and a subjective component. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). First, Plaintiff must show that the harm (or potential harm) was objectively, sufficiently serious and a substantial risk to his health. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "It goes without saying that 'suicide is a serious harm.'" *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001) (quoting *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). It is not clear that Plaintiff's cutting could have actually led to his death. Further, Plaintiff's refusal of medical care makes the Court skeptical of the seriousness of his injuries. Nevertheless, in light of the low level of scrutiny

---

[2]It is unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. For now, the Court finds that Plaintiff could proceed even under the more stringent standard provided by the Eighth Amendment. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018).

applied at the screening stage, the Court can infer that the risk of harm was sufficiently serious.

Second, Plaintiff must establish that Defendants displayed deliberate indifference to his risk of suicide. *Collins*, 462 F.3d at 761; *Sanville*, 266 F.3d at 733. This, in turn, requires a dual showing that Defendants (1) subjectively knew that Plaintiff was at substantial risk of committing suicide and (2) were deliberately indifferent to that risk. *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003). Plaintiff's allegations, viewed generously, can support each showing. From those allegations, the Court can infer that Defendants could have either stopped Plaintiff from obtaining the blade, or could have taken it out of his mouth while he was cutting himself, but that they chose to do nothing.[3]

Therefore, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Deliberate indifference to Plaintiff's serious medical needs on October 22, 2018, in violation of the Eighth Amendment, by all Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's first motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #5) be and the same is hereby **GRANTED**;

---

[3]Plaintiff states that he wishes to proceed on a failure-to-protect claim against some of the Defendants for their failure to prevent him from obtaining the blade. A failure-to-protect claim is not appropriate in this instance, as it would only apply if Plaintiff was attacked by another inmate. Rather, a deliberate indifference to medical needs claim is the best fit for Plaintiff's allegations. Of course, within this claim, Plaintiff may argue that each Defendant is liable in their own way; some for not keeping Plaintiff away from other inmates who could give him tools to self-harm, and others for not intervening in the cutting activity.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #8) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge